IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. HINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-510 |
| ZENA STEPHENS, *et al.*, | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

 Plaintiff, Robert D. Hinson, a pre-trial detainee at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sheriff Zena Stephens, Chief FNU Shawnburger, and Major FNU Guillory.

 The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

 Plaintiff filed his Original Complaint on November 17, 2022 (doc. # 1). Because the complaint was too vague for Defendants to reasonably prepare a response, Plaintiff was required to replead, specifying definite acts and incidents on a form intended for prisoners filing civil rights actions (doc. # 14). Plaintiff complied and filed an Amended Complaint on the form on May 4, 2023 (doc. # 17). Plaintiff sues the Defendants in both their individual and official capacities. In his statement of facts, Plaintiff outlines the following:

> On 9-4-2022 a J.C.C.F. officer was caught coming into the jail with methamphetamine. The next day only P, Q and F dorms was kept on lockdown and the rest of the jail was let up! P, Q, and F dorms was kept on lockdown well over twenty days because the inmate that the officer was bring [sic] the drugs to was in one of these dorms. This same inmate is the same that told on the officer. There was never a shakedown done and there was no drugs found in any of the said dorms. All of our privileges was taken while all of the other dorms enjoyed them!!!

Amended Complaint, pg. 5 (doc. # 17). With respect to Defendant Stephens specifically, Plaintiff alleges "[s]he is the head and either had this lockdown done or allowed it." *Id.*, pg., 4. As to

Defendant Shawnburger, Plaintiff contends he "as chief he could have stopped this from jump or cut it short, but did not." *Id.* Finally, as to Defendant Guillory, Plaintiff states "Lietenant [sic] Hawkins told QAU that the Major put us on lockdown." *Id.* Plaintiff demands a trial by jury and seeks an unspecified $250,000.00 for "discrimination."

Standard

 28 U.S.C. § 1915A states the following:

> (a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

 A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

 A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.*

127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Discussion & Analysis

*Physical Injury*

An inmate's suit under 42 U.S.C. § 1983 must also comply with the physical injury requirements of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(e). The PLRA provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Further, an inmate may not seek compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dept' of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008).

As outlined above, Plaintiff requests $250,000.00 for money damages related to the alleged discrimination. Under the PLRA, Plaintiff's claims are barred absent a showing of physical injury. Plaintiff has not alleged a physical injury. As such, Plaintiff is not entitled to compensatory damages for any claim for which he does not also allege a physical injury. Plaintiff's claims for money damages should be dismissed for failure to state a claim.

*Personal Involvement*

Moreover, Plaintiff has failed to state a claim against the Defendants in their individual capacities. As Sheriff, Chief, and Major, all three Defendants serve in a supervisory capacity. Supervisory officials, however, cannot be held vicariously liable in a § 1983 claim solely on the basis of their employer-employee relationship. *Monell v. Dept. of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). A plaintiff bringing a civil rights claim

under § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom they would hold responsible. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *see Rizzo v. Goode*, 423 U.S. 362, 371-77 (1976) (affirmative link needed between injury and conduct of defendant). With respect to Defendants Stephens and Shawnburger, Plaintiff puts forth no facts that even suggest their personal involvement in any alleged constitutional violation, let alone discrimination. As to Defendant Guillory, while Plaintiff alleges Lieutenant Hawkins told "QAU that the Major put us on lockdown," these allegations are insufficient to allege the personal involvement of Defendant Guillory as to Plaintiff's specific allegation of discrimination against him personally. Plaintiff's allegations are conclusory and insufficient to support a constitutional violation. *Kane v. Enterp. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

*Discrimination*

Plaintiff vaguely asserts the Defendants discriminated against him in implementing the lock down. Plaintiff offers no specifics as to *what type* of discrimination occurred and offers no additional facts in support of this claim. Plaintiff's allegations are devoid of actions taken, or not taken, by an official that was motivated by *intentional* discrimination. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (Plaintiff "must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."). These allegations are also conclusory and insufficient to support a constitutional violation. *Kane,* 322 F.3d at 374.

Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim and as frivolous.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE